IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WESLEY CLARK                                                                                      PLAINTIFF

      v.                             CIVIL NO. 2:12-cv-02248-JRM

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                            DEFENDANT

## MEMORANDUM OPINION

      Plaintiff, Wesley Clark, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. ECF No. 1. Defendant filed an answer to Plaintiff's action on December 21, 2012, asserting that the findings of the Commissioner were supported by substantial evidence. ECF No. 12.

      On March 1, 2013, the Commissioner, having changed positions, filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g), in order to conduct further administrative proceedings. ECF No. 14. Specifically, the Commissioner seeks remand to hold a supplemental hearing and issue a new decision. *See* Def.'s Mot. Remand, 1. The Commissioner states that opposing counsel has been contacted and has no objection. *Id.*

      The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. *See* 42 U.S.C. § 405(g). The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*; *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the undersigned finds remand to allow the Administrative Law Judge to further evaluate the evidence as addressed above, appropriate. Therefore, the Commissioner's motion is GRANTED and the case will be remanded to the Commissioner for further administrative action pursuant to sentence four of section 405(g). Upon remand, the Administrative Law Judge shall do the following: (1) conduct an appropriate evaluation of the 12.05 listing criteria for mental retardation, including Plaintiff's adaptive functioning prior to attaining age 22; (2) conduct an appropriate evaluation of Plaintiff's substance abuse; and (3) evaluate all medical source opinions available in the record in accordance with relevant legal standards.

IT IS SO ORDERED this 4th day of March 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)